NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
JEAN EMMANUEL RODRIGUEZ,        :
                                :  Civil Action No. 13-5866 (RMB)
          Plaintiff,            :
                                :
     v.                         :
                                :
BERNARD E. DELURY, JR. et al.,  :
                                :
          Defendants.           :
_____:
                                :
JEAN EMMANUEL RODRIGUEZ,        :
                                :  Civil Action No. 13-4101 (RMB)
          Plaintiff,            :
                                :
     v.                         :
                                :
THE STATE OF NEW JERSEY et al., :
                                :
          Defendants.           :
_____:

OPINION
APPLIES TO BOTH ACTIONS

The civil matter, Civil Action No. 13-5866 comes before the Court upon the Clerk's receipt of a § 1983 civil complaint ("Complaint") submitted by Jean Emmanuel Rodriguez ("Plaintiff"). See Rodriguez v. DeLury, Civil Action No. 13-5866, Docket Entry No. 1. The Complaint arrived unaccompanied by Plaintiff's filing fee or application to proceed in this matter in forma pauperis. See id.

The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.[1]  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing

---

[1] The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amended 28 U.S.C. § 1915, established certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under the PLRA, a prisoner must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  See 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his/her inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  See 28 U.S.C. § 1915(a)(2).  If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows: in each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  Moreover, once a complaint is filed upon receipt of the filing fee or upon the grant of in forma pauperis status, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B); 1915A and 1997e.  Furthermore, if the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

fee and the $50 administrative fee, before the complaint will be filed.

Here, Plaintiff did not submit his $400 filing fee or his <u>in forma pauperis</u> application with regard to Civil Action No. 13-5866.  Therefore, that matter became subject to administrative termination with leave to prepay the filing fee or seek <u>in forma pauperis</u> status.  <u>See</u> <u>Papotto v. Hartford Life & Accident Ins. Co.</u>, U.S. App. LEXIS 19660, at *26 (3d Cir. Sept. 26, 2013)("administrative closings do not end the proceeding.  Rather, they are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund").

However, Plaintiff's history of litigation in this District suggests that Plaintiff might have submitted the Complaint as a pleading commencing a new civil matter in error.  This is so because he has already commenced another civil action in this District just a few months ago.  <u>See</u> <u>Rodriguez v. State of New Jersey</u> ("<u>Rodriguez-I</u>"), Civil Action No. 13-4101 (RMB) (D.N.J.).  In that matter, Plaintiff sought and was granted <u>in forma pauperis</u> status, and had the $350 filing fee assessed against him to be collected in appropriate installments.

In <u>Rodriguez-I</u>, Plaintiff asserted a panoply of challenges (all framed in terms of bald conclusions), seemingly referring to his arrest and current state criminal prosecution.  <u>See</u>

generally, Rodriguez-I. The Court thrice detailed to Plaintiff the pleading requirement in connection with Rodriguez-I, see id., Docket Entries Nos. 2, 4 and 6, and allowed Plaintiff three opportunities to replead. See id., Docket Entries Nos. 2 to 6. However, Plaintiff's first and second amended pleadings, just as his original Rodriguez-I pleading, failed to detail his facts and kept reciting the very same bald conclusions, albeit paraphrasing the same differently each time. See Docket Entries Nos. 2 to 6.

On August 5, 2013, the Court dismissed Plaintiff's second amended pleading in Rodriguez-I for failure to state a claim. See id., Docket Entry No. 6. That dismissal, too, was without prejudice, and Plaintiff was allowed one final opportunity to file his third amended complaint alleging the actual facts of the wrongs he wished to litigate and detailing how each particular defendant was personally involved in those alleged wrongs. See id. at 4; cf. In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 276-77 (3d Cir.2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue") (citations omitted).

Plaintiff did not file his third amended pleading in Rodriguez-I. Rather, perhaps inadvertently, he submitted the

4

pleading now docketed in Civil Action No. 13-5866, thus causing the Clerk to commence this new matter.

Since Plaintiff's challenges in Civil Action No. 13-5866 appear to be of the same nature and suffer of the same deficiencies to those plaguing his first three rounds of pleadings in Rodriguez-I, this Court has no certainty that Plaintiff wished to abandon his Rodriguez-I litigation and commence Civil Action No. 13-5866, that is, a new action that would cause Plaintiff to incur another assessment of a filing fee and risk another "strike."

Therefore, this Court finds it prudent to construe the Complaint as Plaintiff's third amended pleading intended for filing in Rodriguez-I.  The Court will direct the Clerk to file the Complaint in Rodriguez-I and will dismiss without prejudice, for failure to state a claim, while extending Plaintiff's time to take advantage of his final opportunity to detail his claims with regard to each Defendant, i.e., to inform the Court as to what exactly occurred, how it occurred, when it occurred, how each Defendant was personally involved in these occurrences, why Plaintiff is of the opinion that these occurrences violated his rights, etc.[2]  See Iqbal, 556 U.S. at 677-78.

---

[2]  In other words, Plaintiff shall refrain from asserting generalities, conclusory statements, emotional accusations, etc. Rather, he must state his facts as if he were telling a story: so to allow this Court an opportunity to screen his allegations and

An appropriate Order follows.

        s/Renée Marie Bumb
        **RENÉE MARIE BUMB**
        **United States District Judge**

Dated: October 10, 2013

---

determine whether they plausibly assert a viable challenge. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).